UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY SHORTS** | **CIVIL ACTION NO.: 3:23-cv-776** |
| **VERSUS** | **JUDGE:** |
| **SHERIFF JEFF TRAVIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF EAST FELICIANA PARISH; and DEPUTY WILLIAM COX** | **MAGISTRATE:** |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **LEROY SHORTS**, (*Hereinafter "Shorts"*), a person of the full age of majority who is domiciled in the Parish of East Feliciana, State of Louisiana, and for his Complaint, respectfully aver as follows:

**1.**

This Court has jurisdiction in this matter pursuant to 42 U.S.C. **§** 1983 and 1988. Jurisdiction is founded on 28 U.S.C. § 1331 and 1343 and the Eighth and Fourteenth Amendments to the Constitution of the United States. Plaintiff also invokes supplemental jurisdiction for all claims cognizable under the laws of the State of Louisiana.

**2.**

Venue is appropriate in the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. 1391(b).

**3.**

Made defendants herein are:

**A. SHERIFF, JEFF TRAVIS,** (*Hereinafter, "Sheriff Travis"*) individually and in his official capacity as Sheriff of East Feliciana Parish. A person of the full age of majority, domiciled and residing in the Parish of East Feliciana. At all times described herein he was the Sheriff of East Feliciana Parish and, as such, was responsible for the hiring, training, supervision, discipline and control of the deputies under his command. He was responsible for all actions of the staff of the East Feliciana Sheriff's Office (*Hereinafter "EFSO"*). He was also responsible for the supervision, administration, policies, practices, customs and operations of the EFSO and its correctional facility the East Feliciana Parish Prison (*Hereinafter "EFPP"*). He was and is a final policy maker. He is liable both directly and vicariously for the actions complained of herein. He shares responsibility for ensuring that people incarcerated at EFPP are protected from inmate-on-inmate violence and that correctional officers adhere to federal and state law, as well as official EFSO policy. Sheriff Travis shared responsibility for the care and supervision of Shorts on all dates relevant to this complaint. At all relevant times he was acting under color of law.

**B. DEPUTY, WILLIAM COX,** (*Hereinafter, "Deputy Cox"*) a person of the full age of majority, domiciled and residing in the Parish of East Feliciana. At all times described herein he was employed by Sheriff Travis as Criminal Chief Deputy for EFPP. Deputy Cox was responsible for executing the policies, practices, and customs at the EFPP which included classifying, transferring, monitoring, supervising and assisting all the inmates in all aspects of their incarceration, including their safety. Deputy Cox shared responsibility for the care and supervision of Shorts on all dates relevant to this complaint. He is sued in his individual capacity.

**4.**

On August 22, 2022, Plaintiff, Shorts was incarcerated at the EFPP, in the custody of the East Feliciana Parish Sheriff's Department, within the jurisdictional limits of this Court.

**5.**

On this day, at approximately 11:00 A.M., Shorts was violently attacked and beaten by two Louisiana State Department of Corrections ("DOC") inmates, while he was incarcerated.

**6.**

Shorts, suffered a right orbital closed blowout fracture, fractured septum, right zygomatic arch fracture, left mandibular angle fracture, and ocular proptosis, requiring surgical intervention, rehabilitation, and a special dietary regime as a result of the injuries he sustained during the August 22, 2022, attack while in the custody of the East Feliciana Sheriff's Department.

**7.**

The EFPP jailors were inadequately trained at the time Mr. Shorts was beaten.

**8.**

The EFPP was inadequately staffed at the time Mr. Shorts was beaten.

**9.**

The EFPP had inadequate, outdated, and undermaintained monitoring equipment at the time Mr. Shorts was beaten.

**10.**

The EFPP jailors were not supervising the inmates at the time Mr. Shorts was beaten.

**11.**

The EFPP had inadequate medical staff and emergency procedures to provide emergency medical care that Mr. Shorts needed after he was beaten.

**12.**

Upon information and belief, the EFPP houses a mixture of parish pretrial detainees and convicted DOC inmates.

**13.**

Upon information and belief, EFPP has operated without an effective classification program for years. A jail classification program is supposed to categorize and classify inmates via objective criteria into different risk levels. Inmates should then be assigned to different areas of the jail depending on their risk levels. For example, low security inmates should not be housed with high security inmates. The primary reason for a classification program is to reduce the risk of violence amongst inmates in a jail. It is standard practice for jails and prisons across the United States to have classification programs.

**14.**

Upon information and belief, Defendants, Sheriff Travis and Deputy Cox, were each responsible for implementing and administering a classification program at EFPP. However, these Defendants and/or other unknown individuals knowingly failed to follow the proper classification procedures. Instead, the routine practice at EFPP is to house inmates where there is space, without regard for classification levels. This practice along with the lack of any effective supervision directly contributes to violence within EFPP.

**15.**

Defendants, Sheriff Travis and Deputy Cox, were aware of the inadequate levels of staffing at EFPP, and they knew that the inadequate staffing led to a lack of supervision and high levels of inmate-on-inmate violence at the jail. However, the Defendants did nothing to correct this problem.

**16.**

Defendants, Sheriff Travis and Deputy Cox, as well as other unknown deputies and supervisors were all well-aware of incidents of inmate-on-inmate violence at EFPP. Yet, Defendants have failed to take steps to address this issue and reduce violence within EFPP.

**17.**

Defendants herein acted willfully, maliciously, intentionally, and/or with deliberate indifference to the constitutional rights of the Plaintiff. Solely, in the alternative, all Defendants herein acted negligently with respect to the health and safety of the Plaintiff.

**18.**

The Defendants' actions and inactions, as described herein, were the proximate and cause in fact of Plaintiff's injuries.

**19.**

The Defendants are liable jointly, severally, and in solido for the Plaintiff's injuries.

**20.**

Defendants, individually and collectively, had the duty and ability to intervene to prevent the violations of the rights and the injuries of Shorts as described herein, but failed to do so.

**21.**

The Defendants, acting individually and together and under color of law, engaged in a course of conduct that deprived Shorts of his constitutional rights, specifically the right to be free from cruel and unusual punishment and the right to due process as protected by the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983. They did so with deliberate indifference to the rights of Shorts.

**22.**

At all relevant times Sheriff Travis and Deputy Cox have failed to have a policy in place with respect to proper classification procedures to separate violent and non-violent offenders to avoid inmate-on-inmate violence. Alternatively, if a policy was in place, they failed to enforce it.

**23.**

At all relevant times, it was the policy, practice, and/or custom of Sheriff Travis and/or Deputy Cox, to staff EFPP with an insufficient number of deputies/guards, which permitted preventable inmate-on-inmate violence to occur due to inadequate monitoring of the inmates.

**24.**

Sheriff Travis and Deputy Cox knew that inmate-on-inmate violence in EFPP was the result of staff failures in prisoner classification, inadequate staffing, lack of supervision, staff misconduct, poor record keeping, and uncontrolled and unpunished inmate-on-inmate violence, yet these Defendants took no significant steps to reduce the violence.

**25.**

Sheriff Travis and Deputy Cox are liable to the Plaintiff for damages as a result of the following policies:

(a) Failing to follow their own written policies in regards to prisoner classification, housing and bed assignments and in doing so failing to separate violent inmates from nonviolent inmates;

(b) Failing to consistently provide adequate staffing, with the knowledge that inadequate staffing was resulting in serious injury to inmates;

(c) Failing to monitor inmates resulting in a de facto policy of non-existent monitoring of inmates housed at EFPP;

(d) Failing to investigate, arrest, and punish inmates accused of violent, physical attacks on other inmates at EFPP;

(e) Constructively adopting a policy of giving up on providing inmate security and adopting a de facto policy based on the hope that inmates will not harm each other.

These failures and others reflect the deliberate indifference of these Defendants to the risk of harm Plaintiff, Shorts, endured and suffered while he was incarcerated at EFPP, and to the actual injuries he sustained while imprisoned there.

**26.**

Sheriff Travis and Deputy Cox knew or should have known that these policies, patterns, and practices resulted in a failure to protect individuals in their custody, including Shorts.

**27.**

Sheriff Travis and Deputy Cox by their failures as described in this Complaint, condone, ratified, and encourages inmate-on-inmate violence occurring in EFPP, including the violence which was perpetrated on Shorts.

**28.**

The conduct of Sheriff Travis in failing to properly supervise other deputies reflects his deliberate indifference to the excessive risk of serious injury, Shorts faced at the EFPP and shows that he is liable to the Plaintiff under **§** 1983.

**29.**

At all relevant times, Deputy Cox was employed by Defendant, Sheriff Travis, and was acting in the course and scope of his employment with Sheriff Travis.

**30.**

Pursuant to 42 U.S.C. § 1983, Sheriff Travis is liable in his individual capacity to Shorts for actions and inaction in causing Shorts to be housed with violent inmates and failing to address the unconstitutional patterns and practices at the jail, as described above.

**31.**

Pursuant to 42 U.S.C. § 1983, Deputy Cox is liable in his individual capacity to Shorts for actions and inaction in causing Shorts to be housed with violent inmates and failing to address the unconstitutional patterns and practices at the jail, as described above.

**32.**

The supplemental jurisdiction of the Court is invoked for all claims under state law. Sheriff Travis is liable in damages to Shorts for all the negligence attributable to Deputy Cox, as he was acting in the course and scope of his employment by Sheriff Travis at the time Deputy Cox negligence caused Shorts injuries.

**33.**

Sheriff Travis is independently liable to shorts in damages for his negligence in failing to provide Shorts with reasonable security while confined in EFPP. The negligent actions of Sheriff Travis include, but are not limited to, his failure to properly train and supervise the deputies under his control who were responsible for Short's safety, his negligent retention of deputies, and his negligent failure to implement appropriate policies and procedures at EFPP.

**34.**

As a result of the above-described civil rights violations and state law torts, Plaintiff suffered physical injuries, mental and emotion pain and suffering, anguish and distress, embarrassment, humiliation, painful and disabling injuries, medical expenses, loss of his ability to

work, lost future earnings, for which he is entitled to general, special, and punitive damages. In addition to recovering damages, Plaintiff seeks reasonable attorney's fees in accordance with 42 U.S.C. § 1988, plus judicial interest, and for the Defendants to bear all costs of these proceedings.

**WHEREFORE,** Plaintiff, **LEROY SHORTS**, prays that this Complaint be deemed good and sufficient, and that following the expiration of all legal delays and after due proceedings had, there be judgment herein in favor of Plaintiff, **LEROY SHORTS**, and against Defendants, **SHERIFF JEFF TRAVIS**, and **DEPUTY WILLIAM COX**, *in solido*, for general and special damages in a principal amount that is reasonable in the premises, together with legal interest on the principal amount awarded from the date of judicial demand until paid, and all costs of this proceeding, expert witness fees; and for such other relief as the law and equity may provide.

Respectfully Submitted:

**BIANCA | MATKINS, TRIAL LAWYERS**

/s/Dominick M. Bianca
**DOMINICK M. BIANCA (#26802)**
**FIELDING C. MATKINS (#39273)**
8212 Summa Ave.
Baton Rouge, LA  70809
Telephone: 225-925-2877
Facsimile: 225-925-2875
Email: rusty@bianca-matkins.com
Email: fielding@bianca-matkins.com
*Counsel for Plaintiff, Leroy Shorts*